RICHARD VARBLE *v.* COMMONWEALTH.

[Abstract Kentucky Law Reporter, Vol. 3—694.]

**Criminal Law—Intoxicating Liquors.**

One can be punished for selling liquor by retail when it is drank upon adjacent premises, whether such premises are under his control or not.

APPEAL FROM OLDHAM CIRCUIT COURT.

March 25, 1882.

OPINION BY JUDGE HINES:

The only question in this case is whether one can be punished for selling liquor by retail when it is drank upon adjacent premises not under the control of the person selling.

It appears to us that the language of the statute admits of but one construction, and that is that the selling and drinking on adjacent premises constitute the offense without regard to the question of control. The language implies an ownership and control had or exercised by some one other than the seller. The seller is not punished by the acts of others over which he has no control, but for the act of selling, which results in the drinking on adjacent premises. When he sells he knows the law and must take the chances of being made liable by the drinking of the liquor on adjacent premises, which is necessary to complete the

offense.   If the legislature had considered control necessary to make out the offense it would have been so expressed.

Judgment *affirmed.*

*Robbins & McIntyre, for appellant.*

*P. W. Hardin, for appellee.*

[Cited, *Raubold v. Commonwealth,* 21 Ky. L. 1125, 54 S. W. 17.]